UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:16-cr-00111-BLW |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JAMES DAVID JONES, | |
| Defendant. | |

On November 16, 2016, Defendant JAMES DAVID JONES appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 83). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. The Government, while acknowledging the offense meets the criteria for detention pending sentencing under Section 3143(a)(2), indicated it is unaware of any new information learned over the course of the past six months of Defendant's pretrial release that would enhance the risk of nonappearance or rick of danger to the community if release is continued.

In this case, Defendant was released on his own recognizance and subject to a stringent combination of conditions imposed by the undersigned on May 16, 2016, including a temporary residence and third party custodial relationship with his brother, Dennis Jones, in the Central District of California. (Dkt. 49.) Since his pretrial release commenced, Defendant has been compliant with all conditions with the exception of two positive tests for methamphetamine use. After that, however, Defendant entered into and successfully completed a residential, inpatient substance abuse and recovery treatment program. Defendant provided a letter from the treatment provider which is attached as a exhibit to the minutes of the hearing. Defendant continues to participate with recovery programming and remains subject to random urinalysis testing for the presence of drugs

REPORT AND RECOMMENDATION - 2

or alcohol.

Defendant proffered that his relationship with his brother and third party custodian, Dennis Jones, has shifted recently, as his brother needs care and assistance incidental to serious health conditions he suffered in early October of 2016 and which are ongoing. Defendant's ongoing residence with his brother allows Defendant to provide necessary care to his brother that cannot be provided in full by his sister-in-law, due to the need for her to work to provide income and financial support during her husband's incapacity.

The Court finds the above circumstances, taken collectively with the fact that Defendant has no criminal history and traveled to Idaho to appear for the change of plea hearing, constitute clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing. Further, the Court finds exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate. Therefore, the Court will recommend continued release subject to the conditions previously set.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant JAMES DAVID JONES's plea of guilty to Count 1 of the Indictment (Dkt. 1),

2) The District Court order forfeiture consistent with Defendant JAMES DAVID JONES's admission to the Criminal Forfeiture allegation in the Indictment (Dkt.

1) and the Plea Agreement (Dkt. 83).

3)      The District Court continue Defendant's release subject to the Order Setting Conditions of Release (Dkt. 49)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 16, 2016

CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 4